UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREA MORROW,                                    Case No. 3:24-cv-01157-AR

             Plaintiff,                           **ORDER TO AMEND**

      v.

TRELLIX,

             Defendant.

_____

**ARMISTEAD, Magistrate Judge**

       Plaintiff Andrea Morrow, representing herself, brings this action against defendant

Trellix alleging identity theft, computer crime, business malpractice, negligence, fraud,

suppression of evidence, interfering with a federal lawsuit, and personal endangerment. Morrow

also seeks to proceed *in forma pauperis*. As explained below, Morrow's complaint lacks enough

factual detail to show that Trellix is liable for any alleged wrongdoing. Morrow must therefore

file an amended complaint with additional facts to avoid dismissal of her lawsuit.

## BACKGROUND

       Morrow's factual allegations against Trellix are confusing. Morrow alleges that she has

litigation ongoing in the Ninth Circuit Court of Appeals, and that she received an odd email

(presumably from Trellix) inquiring about submitting files to be analyzed. After speaking with a

Trellix support agent by telephone, she was informed that Trellix only works with large

Page  1  – ORDER TO AMEND

corporations and could not assist Morrow because her request related to her personal home computer. Sometime later, Morrow again contacted Trellix by telephone, asked why she received the initial email, and was told that management was looking into her question. Trellix also said that Morrow received the initial email in error. According to Morrow, her email was then reviewed over 300 times because she monitors her emails through Gio Tracker. Morrow then received a telephone call from Trellix inviting her to attend a Zoom meeting with the Trellix CEO, which she found suspicious because the CEO works in Secret Security for the Biden Administration.

Morrow insists that "someone somewhere, a corporation of somesort is currently using [her] identity and is submitting files for review for a reason that is unknown[.]" (Compl. at 7, ECF No. 2.) Because the "repercussions and possibilities surrounding the files and account are significant," Morrow asserts that she needs full access to the information about who created the account, what it includes, what it is being used for, and all other facts. Morrow seeks $5 million in damages.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, in forma pauperis. For in forma pauperis cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified). Under § 1915(e)(2), a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the

---

[1]    *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint fails to state a claim when there is no identifiable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The complaint as currently alleged against Trellix fails to comply with Rule 8. Morrow asserts federal question jurisdiction but does not identify any federal statute or federal constitutional provision that forms the basis of her claims. Although Morrow identifies several causes of action (identity theft, computer crime, business malpractice, negligence, fraud, suppression of evidence, interfering with a federal lawsuit, and personal endangerment), she does not allege what actions Trellix did or did not do that could entitle her to relief under any those claims. Morrow's allegation that "someone, somewhere, a corporation of somesort" is using her identity does not link any wrongdoing to Trellix and lacks any arguable basis in law or fact under § 1915(e)(2). Therefore, as currently alleged, Morrow's complaint fails to support any inference that Trellix is liable for any alleged misconduct. Should Morrow choose to file an amended complaint, she must identify specific facts under each cause of action that allege how Trellix is liable for any misconduct.

## CONCLUSION

For Morrow to proceed further, an AMENDED COMPLAINT that provides enough factual detail to support a claim as required by Federal Rule of Civil Procedure 8(a)(2) must be filed within 30 days – or **August 30, 2024.** Failure to respond to this Order by August 30, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Morrow's application for IFP status.

DATED: July 31, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge