UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREA MORROW,

          Plaintiff,

v.

TRELLIX, and MCAFEE,

          Defendants.

Case No. 3:24-cv-01157-AR

**SECOND ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

    In her Amended Complaint, plaintiff Andrea Morrow, representing herself, sues defendants Trellix and Mcafee alleging the following claims: theft, negligence, assisting in and covering up a federal abuse case, fraud, business malpractice, transportation of stolen property, suppression of evidence during an investigation, interfering with a federal lawsuit, and personal endangerment. (Am. Compl., ECF No. 4.) Morrow also seeks to proceed *in forma pauperis* and to recover $10 million in damages. As discussed below, Morrow has not established that this court has subject matter jurisdiction or personal jurisdiction over defendants, and her amended complaint does not contain a short and plain statement of her claims showing that she is entitled to relief as required by Federal Rules of Civil Procedure 8 and 9. To proceed, Morrow must file a

Page 1 – SECOND ORDER TO AMEND

second amended complaint setting out this court's subject matter jurisdiction and personal jurisdiction over defendants, and with additional facts to show that her claims are plausible.

## PROCEDURAL BACKGROUND

Morrow previously filed a complaint against Trellix on July 15, 2024. On July 23, Morrow filed an amended complaint, which replaced her initial complaint. Before the court learned that the amended complaint had been filed, the court docketed an Order to Amend, which was directed at her initial complaint. As explained in an Order filed concurrently with this Second Order to Amend, the court has stricken the previous Order to Amend. Consistent with its obligations under 28 U.S.C. § 1915(e)(2), the court now must examine Morrow's amended complaint to ensure there are plausible claims.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified). Under § 1915(e)(2), a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## BACKGROUND

Morrow alleges that, many months ago, her computer accounts were hacked. To secure her computer and various accounts, she called Mcafee. Approximately 1.5 hours into a phone call with a Mcafee customer service agent, Morrow gave the agent permission to access her computer via split screen. The agent accessed the IP and saw her internet password. After 30 minutes, Morrow began to feel weird about what was going on and she began to question what the agent was doing. Morrow watched the agent access several areas of her computer and select a very large chunk of files. She immediately asked what the agent was doing, told him that he did

Page  3  – SECOND ORDER TO AMEND

not have permission to remove anything from her computer. The agent informed Morrow that she would need to go through her internet provider and ended the call.

Morrow later asked Mcafee for a full report about the encounter with the agent, and requested video and audio of the call. She went back and forth with Mcafee employees, was informed they were junk files, yet she never received a clear answer and explanation of what was removed. After many unsuccessful attempts to have the files returned and to obtain a report from Mcafee, Morrow dropped the matter and moved on. She later learned that Trellix is the parent company of Mcafee.

On July 10, 2024, Morrow received an odd email from a company stating that she had signed up for an account and had submitted files to be analyzed. She immediately called the support agent who told her that the company only worked with large corporations and that he would need to investigate. Morrow forwarded the email in question to the agent to assist him. Morrow waited an hour, then called the agent again to ask about the account being opened in her name, the files that supposedly belonged to her, and she was informed that her request had been escalated to management. Morrow's forwarded email was then viewed over 300 times.

On a Thursday night at 11:25 pm, Morrow received a phone call and the woman on the other end of the line said that the CEO wanted to have a meeting over Zoom. Morrow believed it was a red flag. Morrow called back an hour later and spoke to a manager; the manager denied wanting to schedule a Zoom meeting, said that the email was sent in error, and that someone entered the wrong email address. Morrow contends that someone is using her identity through that company's site.

Page 4 – SECOND ORDER TO AMEND

The next day, Morrow learned that the CEO of the company is Secret Security for the Biden Administration, and that she is suing the State of Oregon and has more than enough information to put Tina Kotek in federal prison. Morrow wants full access to the information, the file, who created the account, what it includes, what it is being used for, and all accessible facts. Morrow contends that she has tried to obtain the information, but the company will not give her the information attached to the fraudulent account. The files are, in Morrow's view, just as important as the other information she has come across and that someone somewhere, a corporation of some sort is currently using her identity and submitting files for review for a reason that is unknown to her. Morrow has continued to try to obtain information from Mcafee, and the email in question has been viewed 520 times, and therefore, is clearly important.

Morrow believes that when she was on the phone with Mcafee, they stole files out of her computer, then transferred those files to Trellix, who then analyzed them, without her consent. Trellix still has possession of her files and has refused to return them. The information connected to the account and the files in question have a wide variety of personal threats to Morrow, personally, professionally, and legally. Morrow believes that the events in this lawsuit are connected to her ongoing litigation against the States of Oregon and California.

In the amended complaint, Morrow contends that this court has jurisdiction based on federal question jurisdiction. (Am. Compl. at 3, ECF No. 4.) She provides an Oregon address for herself, a Virginia address for Trellix, and a California address for Mcafee. (*Id.* at 2.) She is seeking $10 million in damages and lists various claims: theft, negligence, assisting in and covering up a federal abuse case, fraud, business malpractice, transportation of stolen property,

suppression of evidence during an investigation, interfering with a federal lawsuit, and personal endangerment.

## DISCUSSION

A.  *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its subject matter jurisdiction, and, if a federal court does not have subject matter jurisdition for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

To establish federal question jurisdiction, a plaintiff must plead that defendants have violated a federal constitutional or statutory provision. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Morrow does not identify any federal statutes or federal constitutional provisions that may provide the court with federal question jurisdiction. Morrow's claims for theft, negligence, fraud, and malpractice are

tort claims controlled by state law. *See, e.g.*, *Mustola v. Toddy*, 253 Or. 658, 663 (1969) (describing conversion as civil tort that is an "intentional exercise of dominion or control" over a chattel that seriously interferes with another's right to control); *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 580 F. Supp. 3d 932, 948-51 (D. Or. 2022) (detailing fraud elements under Oregon law); *Miller v. Willamet Dental*, Case No. 3:23-cv-00217-AR, 2023 WL 3045413, at *3 (D. Or. Apr. 5, 2023), *adopted by* 2023 WL 3042280 (Apr. 20, 2023) (stating that negligence claim arises under state law and does not present federal question); *Jones v. OHSU*, Case No. 3:21-cv-01342-SB, 2021 WL 5173360, at *2 (D. Or. Nov. 5, 2021), *adopted by* 2021 WL 5166753 (Nov. 5, 2021) (stating district court lacked federal question jurisdiction over medical malpractice claim because it arises under state law); *Stevens v. Bispham*, 316 Or. 221, 227 (1993) (defining malpractice as state law tort action). Thus, those claims do not arise under federal law and do not provide this court with federal question jurisdiction. Because Morrow does not identify statutory bases for her remaining claims and none are obvious on the face of her amended complaint, as currently pleaded, the court does not have federal question jurisdiction. Should Morrow choose to file a second amended complaint and assert federal question jurisdiction, she must include specific, plausible allegations showing that Trellix and Mcafee violated federal law.

To establish diversity jurisdiction, a plaintiff must plausibly allege that damages are more than $75,000, that she is a citizen of one state, and that all the defendants are citizens of other states. 28 U.S.C. § 1332(a). Morrow does not allege diversity jurisdiction. The court observes that Morrow provides an Oregon address, and provides a Virginia address for Trellix, a California address for Mcafee, and that she has suffered $10 million in damages. Corporations have dual citizenship; in other words, they are citizens of their state of incorporation and their

principal place of business. 28 U.S.C. § 1332(c)(1). Morrow also has not included enough facts to plausibly show that defendants caused her $10 million in damages. Should Morrow assert diversity jurisdiction in a second amended complaint, Morrow must specify defendants' states of citizenship and include additional facts to plausibly show that they caused her more than $75,000 in damages.

B.     *Sufficiency of Amended Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint fails to state a claim when there is no identifiable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The amended complaint as currently pleaded alleged fails to comply with Rule 8. In general, Morrow does not allege what Trellix or Mcafee did or did not do under each claim with enough detail. For example, Morrow asserts that she called Mcafee many months ago, that she

gave the customer service agent permission to access her computer, and that the agent stole files. However, she does not allege what date this occurred, or to which cause of action those facts pertain. Next, Morrow asserts that on July 10, 2024, she received an email from a company stating that she had signed up for an account and that she had submitted files to be analyzed. Morrow does not identify the company from whom she received the email, what kind of account was created, and how receiving that email caused her damages. Although she asserts that "the information connected to the account and the files in question have a wide variety of personal threats" and could damage her personally, professionally, and legally, Morrow does not describe what damages she already has suffered or how defendants' actions cause her $10 million in damages.

Turning to Morrow's negligence claim, under Oregon law, "unless the parties invoke a status, relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm the befell the plaintiff." *Fazzolari v. Portland Sch. Dist.*, 734 P.2d 1326, 1336 (Or. 1987). Morrow does not allege a special relationship, status, or standard of conduct that establishes defendants owed her a duty. Thus, to state a negligence claim, she must plausibly allege that (1) defendants' conduct caused a foreseeable risk of harm, (2) to an interest that is protected against negligent invasion, (3) defendants' conduct was unreasonable in light of the risk, (4) defendants' conduct caused her harm, and (5) she was within the class of persons and her injury was within the general type of potential injury that made defendants' conduct negligent. *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 784 (2023). Morrow has not alleged

Page 9 – SECOND ORDER TO AMEND

that defendants' actions created a foreseeable risk of harm to her, that the risk was to an interest of a kind that the law protects, that defendants' conduct was unreasonable considering that risk, that defendants' conduct caused her harm. Thus, as currently alleged, Morrow fails to plead a plausible negligence claim.

As for her business malpractice claim, Morrow fails to allege a plausible claim. Malpractice claims are typically premised on a special relationship with standards of conduct. *See* Stephens, 316 Or. at 227-28 (discussing professional negligence and legal malpractice). Morrow does not identify a legal source for her business malpractice claim. Nevertheless, she has not alleged status or special relationship, and fails to identify any standards of conduct governing defendants' conduct. As currently alleged, Morrow fails to allege a plausible business malpractice claim.

Additionally, allegations of fraud must be pleaded with an additional layer of specificity under Rule 9(b). Morrow "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that allegations of "fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (simplified). It is not clear what actions by defendants are alleged to be fraudulent. As currently alleged, Morrow's allegations in the amended complaint do not comply with Rule 9(b).

Lastly, Morrow's causes of actions include theft, transportation of stolen property, suppression of evidence during an investigation, interfering in a federal lawsuit, and personal endangerment. Again, Morrow does not identify a legal source for those claims and as currently

Page 10 – SECOND ORDER TO AMEND

alleged, sound like criminal actions. Criminal provisions generally do not give rise to plausible civil claims. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes generally "provide no basis for civil liability); *see Arunachalam v. Apple, Inc.*, No. 5:18-cv-01250-EJD, 2018 WL 5023378, at *5 (N.D. Cal. Oct. 16, 2018) (providing there is "no private cause of action for obstruction of justice"). Thus, Morrow's amended complaint fails to state plausible claims against defendants.

C.     ***Personal Jurisdiction over Defendants***

Where, as here, there is no federal statute identified that governs personal jurisdiction, the court looks to Oregon law. *College Source, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Under Oregon's "long-arm" statute, a court in this state may exercise personal jurisdiction over an out-of-state defendant in specific fact situations, or when the exercise of jurisdiction over the defendant is not inconsistent with the Due Process Clause of the U.S. Constitution. OR. R. CIV. P. 4(L). To safeguard standards of "fair play and substantial justice," the Due Process Clause requires an out-of-state defendant to have at least "minimum contacts" with the forum state before a court may exercise personal jurisdiction over that defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit has adopted a three-part test to determine when a defendant has established minimum contacts with the forum state:

> (1) The nonresident defendant must "purposefully direct" [its] activities toward the forum state or consummate some transaction with the forum by which [it] purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

Page 11 – SECOND ORDER TO AMEND

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

   Here, Morrow provides a Virginia address for Trellix and a California address for Mcafee. As noted above, it is unknown where defendants are incorporated or where their principal places of business are located. If defendants are not residents of Oregon, Morrow must show that the court has specific personal jurisdiction. To make this assessment, the court considers what contacts defendants themselves have created – not the unilateral activity of a plaintiff or third person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In her amended complaint, Morrow alleges that she initiated contact with Mcafee by calling its customer service line, and that she gave Mcafee permission to access her computer remotely. With respect to Trellix, she alleges that Mcafee forwarded her stolen computer files. As currently alleged, the amended complaint does not assert that defendants purposefully directed their activities to Oregon and the allegations connecting defendants to Oregon are weak and the exercise of personal jurisdiction as currently pleaded is unreasonable. Should Morrow file a second amended complaint, she must include additional facts that connect defendants to Oregon.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page  12  – SECOND ORDER TO AMEND

## CONCLUSION

For Morrow to proceed further, a SECOND AMENDED COMPLAINT that provides enough factual detail to support this court's subject matter jurisdiction, state a plausible claim as required by Federal Rules of Civil Procedure 8(a)(2) and 9(b), and support this court's exercise of personal jurisdiction over defendants must be filed within 30 days – or **October 18, 2024.** Failure to respond to this Order by October 18, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Morrow's application for IFP status.

DATED: September 19, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge